```
                                                              FILED
                                                         AUSTIN DIVISION
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TEXAS 1998 OC 21  AM 10: 36
                    AUSTIN DIVISION        U.S. CLERK'S OFFICE
                                           BY:_____
                                                         DEPUTY
```

| | | |
|---|---|---|
| CRYSTAL SEMICONDUCTOR CORPORATION, | § § | |
| Plaintiff | § § | |
| VS. | § | NO. A 97-CA-026 SS |
| | § | |
| OPTI, INC., et al., | § | |
| Defendants | § | |

## ORDER

BE IT REMEMBERED that on the 8th day of October 1998, the Court held a hearing on pending matters in the above-styled cause. The Court heard the parties' arguments on various motions and took certain matters under advisement. Aside from the housekeeping motions the Court granted and Crystal's pending Summary Judgment Motion of Infringement of U.S. Patent No. 5,220,483 [#294], which the Court is holding under advisement until a response is filed by October 23, 1998, the issues before the Court in this opinion and order are (1) Defendant TriTech's Motion for Summary Judgment and Memorandum in Support Thereof that U.S. Patent No. 4,851,841 is Invalid Under the "On Sale" Bar Provision of 35 U.S.C. 102(b) [#246], (2) Defendant TriTech's Motion for Leave to File Amended Answer and Counterclaims [#205], and (3) Defendant TriTech's Motion to Compel Based on the Crime-Fraud Exception [#209]. The motions to amend and to compel were referred to the Magistrate Judge and are the subject of his Sept. 10, 1998 Report and Recommendation [#277] that both motions be denied, to which TriTech filed objections [#300] and Crystal in turn filed a reply brief supporting the Report and Recommendation. After considering the



parties' briefs, their arguments, the case file, the applicable law, and an *in camera* review of certain attorney-client materials of the plaintiff, the Court enters the following opinion and order.

**I. TriTech's Motion for Summary Judgment Based on the "On-Sale" Bar**

TriTech seeks summary judgment on the ground that Crystal's CS5316 part, a 16-bit delta-sigma analog-to-digital converter built on a single integrated circuit chip, which was the embodiment of the claims in United States Patent No. 4,951,841 ("the '841 patent"), went "on sale" prior to the "critical date" of October 2, 1986, one year prior to the application for the '841 patent on October 2, 1987. A patent is invalid if "the invention was . . . on sale in this country, more than one year prior to the date of the application for the patent in the United States." 35 U.S.C. § 102(b). The burden of proving invalidity is upon TriTech, the party challenging the presumptively valid patent. *See Sinskey v. Pharmacia Opthalmics, Inc.*, 982 F.2d 494, 498 (Fed. Cir. 1992).

Rule 56(c) of the Federal Rules of Civil Procedure provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) states that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing there is a genuine issue for trial."

The Court must substantively evaluate the evidence offered by the party who filed the motion for summary judgment (the "moving party") and the party who opposes the motion (the "nonmoving party") to determine whether the evidence raises a "material" fact question which is "genuine."

*Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). If genuine issues of material fact exist, the motion must be denied. The Court can consider as controverting summary judgment evidence any facts admitted by a party in a sworn complaint or in other sworn pleadings. *See Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107-08 (5th Cir. 1987). Both the movant and the non-movant bear burdens of proof of producing evidence in the summary judgment process. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548 (1986). The nonmoving party is not entitled to rest on its pleadings alone, but must carry the burden of providing evidence of a genuine issue of material fact. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 112 S. Ct. 939 (1992). The Fifth Circuit has concluded that "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986)). However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (1996).

TriTech argues the applicability of the "on-sale" bar to Crystal's claims for infringement based on the '841 patent is evidenced by (1) a September 11, 1986 purchase order confirmation, (2) a September 29, 1986 invoice, and (3) a September 29, 1986 letter. Crystal argues TriTech fails to

carry its burden of proving by "clear and convincing evidence" that the CS5316 device was "on sale" in this country for commercial purposes prior to October 2, 1986. Furthermore, Crystal argues the distribution of the device was for experimental purposes. It is clear from the summary judgment evidence that fact issues remain as to when and where the CS5316 device was first "on sale" and for what purposes.[1] Therefore, the Court denies TriTech's motion for summary judgment on these grounds without prejudice to refiling as a Rule 50 Motion at trial.

## II. TriTech's Motions to Amend and Compel

Both Defendant TriTech's Motion for Leave to File Amended Answer and Counterclaims and Defendant TriTech's Motion to Compel Based on the Crime-Fraud Exception were addressed in the Magistrate Judge's Report and Recommendation because both are related to TriTech's allegations of fraudulent and anticompetitive behavior by Crystal in the prosecution and protection of its patents. Specifically, TriTech argues Crystal (1) failed to disclose information to the patent examiner which would have precluded issuance of the '841 patent under the "on-sale bar"; (2) failed to disclose information to the examiner concerning prior art which would have precluded issuance of certain claims of United States Patent No. 4,746,899 ("the '899 patent"); and (3) committed fraud in the litigation of its patents in the prior *Analog Devices* lawsuit and/or the present lawsuit. The Magistrate Judge concluded that both of TriTech's motions should be denied, reasoning that

---

[1] For example, even assuming the the September 11, 1986 purchase offers evidence of a non-experimental sale, it is to a Canadian company, hardly providing conclusive evidence that the product was "on sale in this country." Furthermore, the September 29, 1986 invoice (also to a Canadian company) states, "Engineering Samples: For Evaluation Only Not for Resale - Total Value $4.00 U.S." This also not conclusive evidence of a "commercial sale" in the United States.

Furthermore, there is a fact issue as to when the invention was "reduced to practice," which plays a role in whether the "on sale" bar applies.

TriTech's motion to amend to add antitrust counterclaims would unduly prejudice Crystal by forcing it to acquire new trial counsel, and TriTech can assert its antitrust counterclaims in a separate lawsuit.[2] The Magistrate Judge implied that the Motion to Compel under the crime-fraud exception should be denied because fraud by Crystal's counsel would not be an issue in light of the denial of the motion for leave to amend.

### A. Motion to Compel

The Court has carefully reviewed *in camera* nine binders full of privileged communications between Crystal's agents and employees and its counsel. TriTech argues information in at least some of these documents is not protected by the attorney-client privilege or work product immunity because the communications were "made in furtherance of a crime or fraud." *See Derrick Mfg. Corp. v. Southwestern Wire Cloth, Inc.*, 934 F. Supp. 813, 815-16 (S.D. Tex. 1996). After full review of the documents, however, the Court finds nothing that indicates the crime-fraud exception to the attorney-client privilege applies to any of the items because nothing suggests any of the communications were made in furtherance of a crime or fraud. Therefore, TriTech's Motion to Compel will be denied.

### B. Motion for Leave to Amend

TriTech seeks leave to amend its answer to add counterclaims and defenses alleging antitrust, unfair competition, and fraud. Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." The Court concludes that justice requires denying rather than granting TriTech's motion for leave to amend. In exercising its discretion whether to grant

---

[2] It is clear the antitrust counterclaims are not compulsory. *See Tank Insulators Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 88 (5th Cir. 1997).

leave to amend, the Court "may consider undue delay, bad faith, dilatory motive, prejudice to the other party, and the futility of the proposed amendments." *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). In this case, the undue prejudice to the plaintiff and the futility of the defendant's proposed amendments are the factors driving the Court's decision to deny TriTech's motion for leave to amend.

TriTech argues its motion to amend its answer is merited by information it has uncovered during discovery, but TriTech simply does not offer evidence supporting antitrust, fraud, or unfair competition counterclaims in this lawsuit. At the hearing, the only evidence TriTech could point to suggesting inequitable conduct on the part of Crystal was (1) repeated statements made by Crystal agents that "they followed their lawyers' advice" and (2) an amendment of Crystal's Certificate of Mask Work Registration for the CS5316 part, changing the date of the first commercial sale from September 22, 1986 to October 6, 1998 and thereby "scrubbing clean"[3] the problem of the statutory one-year sale bar. TriTech argued at the hearing that it needed the information requested in its Motion to Compel in order to find further evidence of such inequitable conduct and/or fraud. However, because the Court found no "crime-fraud" evidence in its *in camera* review and is denying the Motion to Compel in this order, that source of evidence is fruitless for TriTech. In short, TriTech has not persuaded the Court that the evidence it has discovered supports the serious counterclaims it wishes to pursue against Crystal. Therefore, TriTech will not be allowed to amend its answer to

---

[3] The phrase "scrub clean" came from a Crystal attorney-client communication inadvertently disclosed by Crystal to TriTech. This phrase does not suggest fraud any more than it suggests "scrubbing clean" a genuinely incorrect date.

add its baseless antitrust, fraud, and unfair competition counterclaims[4] in light of the prejudicial impact those counterclaims would have on Crystal in forcing it to hire new counsel in the above-styled cause after seven years of litigation representation from its current counsel.

This clearly does not bar TriTech from asserting in this lawsuit defenses and/or counterclaims based on alleged inequitable conduct, violation of the "on-sale bar," or other bases for invalidity, unenforceability, or non-infringement. Although the "scrubbing clean" of the records on the commercial use date does not suffice as evidence of an antitrust, unfair competition, or fraud claim, it could certainly convince the jury that the on-sale bar applies or that inequitable conduct has occurred.[5] Moreover, the Court will be more liberal in allowing fraud claims relating solely to Crystal's prosecution of its patents prior to the time current trial counsel began representing Crystal, because such claims will not carry the undue prejudice of those implicating Crystal's current counsel. TriTech will be given eleven days from the date of this order to file an amended answer and counterclaims, with the caveat that any averment, defense, or counterclaim that alleges conduct that implicates Crystal's current trial counsel in any way will be stricken in full. Crystal will have eleven days from service of TriTech's proposed amended answer to file any objections to TriTech's amended answer.

---

[4] This includes any *Walker Process* counterclaim, which would include the element of Crystal's knowledge of fraud at the time of filing its lawsuit. *See Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1069 (Fed. Cir. 1998), *cert. denied*, 1998 WL 440288 (Oct. 5, 1998).

[5] *See Nobelpharma*, 141 F.3d at 1070 (noting that "[i]nequitable conduct is . . . an equitable defense in a patent infringement action and serves as a shield, while a more serious finding of fraud potentially exposes a patentee to antitrust liability and thus serves as a sword").

IT IS ORDERED that Defendant TriTech's Motion for Summary Judgment and Memorandum in Support Thereof that U.S. Patent No. 4,851,841 is Invalid Under the "On Sale" Bar Provision of 35 U.S.C. 102(b) [#246] is DENIED without prejudice to refiling as a Rule 50 Motion at trial;

IT IS FURTHER ORDERED that the Report and Recommendation of the Magistrate Judge [#277] is ACCEPTED;

IT IS FURTHER ORDERED that Defendant TriTech's Motion for Leave to File Amended Answer & Counterclaims [#205] is DENIED without prejudice to REFILING within ELEVEN (11) days of the date of this order as a motion to amend answer and counterclaims including traditional patent defenses and counterclaims, without antitrust counterclaims;

IT IS FURTHER ORDERED that within ELEVEN (11) days of service of TriTech's proposed amended answer and counterclaims, Crystal may FILE objections thereto; and

IT IS FINALLY ORDERED that Defendant TriTech's Motion to Compel Based on the Crime-Fraud Exception [#209] is DENIED.

SIGNED on this 20th day of October 1998.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE